IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| COMMERCE BANK, | ) |
| Appellant, | ) |
| | ) Case No. 13-CV-252-GKF-PJC |
| v. | ) |
| | ) |
| PATRICK MALLOY, III, as Trustee of the Estate of George David Gordon, Jr., | ) Adversary Case No. 12-01051-M |
| | ) |
| Appellee. | ) |

## REPORT AND RECOMMENDATION

Appellant, Commerce Bank ("Commerce"), filed this appeal of U.S. Bankruptcy Court Judge Terrence Michael's Order dismissing Appellant's Adversary Complaint for Declaratory Judgment. Pursuant to General Order 05-9, the appeal has been referred to the undersigned United States Magistrate Judge. Pursuant to 28 U.S.C. § 636(b)(3), the undersigned may conduct advisory proceedings and issue a Report and Recommendation to the District Court. *See, Hall v. Vance*, 887 F.2d 1041, 1045-46 (10th Cir. 1989); *In re Griego*, 64 F.3d 580, 583 n.4 (10th Cir. 1995); *Derringer v. Chapel*, 279 Fed.Appx. 641, 644 (10th Cir. 2008).

The issue before this Court is narrow: Did the Bankruptcy Court abuse its discretion in declining federal declaratory judgment jurisdiction and dismissing the adversary action? Although Appellant has argued the merits of substantive issues, such as the standing of the Bankruptcy Trustee to assert claims of

investors and the assignability of the investors' claims to the Trustee, those issues are not before this Court on appeal. This appeal concerns solely whether dismissal of the adversary action was an abuse of discretion.

## BACKGROUND

With respect to the Procedural History of this case, the undersigned adopts the detailed Procedural Background set out in Chief Judge Gregory K. Frizzell's Opinion and Order of July 30, 2013. [Dkt. No. 27, pp. 1-8]. The following summary provides a review of key events relevant to this appeal:

On January 7, 2011, George David Gordon, Jr., filed a Petition for Chapter 7 bankruptcy. Patrick Malloy, III, the designated Bankruptcy Trustee ("Trustee"), sought approval of a proposed Coordination Agreement ("CA") from the Bankruptcy Court in May of 2012, which included a provision for assignments of claims against third parties (including claims against Commerce).[1] [*Id.* at 2]. On July 5, 2012, Commerce filed the Adversary Proceeding, which is the subject of this appeal, seeking declaratory judgment that the proposed assignments were invalid and that the Trustee did not have standing or authority to pursue those claims. [*Id.* at 2-3].

---

[1] Coordination Agreements are often used where, as part of criminal proceedings, the United States seeks to forfeit certain assets previously held by a Debtor, while, at the same time, a Bankruptcy Trustee is seeking to marshal the Debtor's assets to pay creditors. Such an Agreement enables the Government and the Trustee to pursue their goals without "stepping on each other's toes." *Kelley v. College of St. Benedict*, 901 F.Supp.2d 1123, 1126 (D.Minn. 2012).

After full briefing and multiple hearings, the Bankruptcy Court approved the CA on January 4, 2013, specifically adding language requested by Commerce, and stated that the Bankruptcy Court was "mak[ing] no finding regarding the validity of the assignments authorized under the CA, leaving that issue to the court or courts ultimately responsible for any such litigation" and reserving the standing issue to that court as well. [*Id.* at 6-7 (*quoting* Dkt. No. 5-6)]. That same day, the Trustee filed suit against Commerce in Tulsa County District Court for the claims of the bankruptcy estate. [*Id.* at 7.] That case was removed to federal court on January 30, 2013.

On March 27, 2013, the adversary action was dismissed by the Bankruptcy Court in a minute order, noting:

> There is no need for this Court to issue a declaratory judgment, as each of those causes of action is presently pending. . . . As [previously stated], [t]he time for the issue of the [Trustee's] standing to be determined is when he files his complaint, and the place to determine the issue is in the court where litigation is commenced. . . . There is no reason for this Court to address issues of standing with respect to litigation commenced in another court. . . The dispute between Commerce Bank and [the trustee] should be resolved in a single forum, and not on a piecemeal basis. The best course of action is for this adversary proceeding to be dismissed without prejudice to the ability of Commerce Bank to raise issues of standing in the court where the action brought by [the Trustee] is pending.

[*Id.* at 7-8 (*quoting* Dkt. No. 5-1)]. On April 29, 2013, Commerce filed this appeal of that dismissal order. [Dkt. Nos. 1-6].

On May 6, 2013, the federal case was remanded back to Tulsa County District Court. [*Id.* at 8]. Commerce appealed the remand decision to the Tenth Circuit on May 22, 2013, and that appeal is still pending. [*See* Case No. 13-CV-59-FHM-JHP, Dkt. No. 60].

After remand to state court, Commerce's Motion to Dismiss, including its standing argument, was denied on August 1, 2013. *Malloy v. Humphrey et al*, Tulsa County Case No. CJ-2013-65 (docket available online at www.oscn.net). Commerce's subsequent Application for Writ of Prohibition to the Oklahoma Supreme Court was also denied on September 26, 2013. *Id.*

## DISCUSSION

As previously stated, the only issue before this court on appeal is whether the Bankruptcy Court abused its discretion in declining to exercise federal declaratory judgment jurisdiction and dismissing the adversary action. *St. Paul Fire & Marine Ins. Co.*, 53 F.3d 1167, 1168 (10th Cir. 1995); *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir. 1994). Under this deferential standard, the Bankruptcy Court's decision should not be disturbed unless the court "made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *Mid-Continent Cas. Co. v. Village at Deer Creek Homeowners Assn., Inc.*, 685 F.3d 977, 981 (10th Cir. 2012) (quotation omitted). This requires a showing that the court's decision was "arbitrary, capricious, whimsical, or manifestly unreasonable." *Id.*

Appellant argues that the Bankruptcy Court abused its discretion in its dismissal by not properly analyzing five factors set forth in *Mhoon*:

> [1] whether a declaratory action would settle the controversy; [2] whether it would serve a useful purpose in clarifying the legal relations at issue; [3] whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race to res judicata"; [4] whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and [5] whether there is an alternative remedy which is better or more effective.

31 F.3d at 983. While it may have been better for the Bankruptcy Court to specifically identify and discuss these factors, the undersigned does not find the dismissal decision was an abuse of discretion as the Court's reasoning was sufficiently set forth throughout the record.

On multiple occasions, the Bankruptcy Court made it clear that it was not the best court to be making decisions on the validity of the assignments or the Trustee's standing to raise claims based on those assignments. In its approval of the CA, the Bankruptcy Court stated that the appropriate forum to address standing and the validity of the assignments would be the court where the claims were raised. [*See* Dkt. No. 27 at 6-7]. At the hearing on the Trustee's Motion to Dismiss the Adversary Proceeding, Commerce did argue, in part, the *Mhoon* factors (although not by name) and acknowledged the court's discretion to dismiss the action. [*E.g.* Dkt. No. 5-1, pp. 51-53]. At the hearing, it was evident the Bankruptcy Court remained concerned that it was not the proper forum to be ruling on the assigned claims and repeatedly questioned why

5

Commerce should get multiple opportunities to raise and argue the same issues in the adversary action that were involved in the pending action(s) on the Trustee's claims, whether that be in federal or state court. [*Id.* at 54-55, 57, 59-60].

Finally, in the Minute Order dismissing the adversary action, the Bankruptcy Court's reasoning was sufficiently set forth: the Trustee had filed suit on the assigned claims and litigation on those claims was pending in another court; the Bankruptcy Court found that the issues surrounding those claims should be resolved in a single forum, and not on a piecemeal basis by different courts. A detailed discussion of each of the Mhoon factors is not required by the district court. *St. Paul Fire*, 53 F.3d at 1169 (factors to consider "***may*** include" the *Mhoon* factors) (emphasis added). In *St. Paul Fire*, the Tenth Circuit found it was proper for the court to refuse jurisdiction where the issues involved in the federal declaratory judgment action were the same as the issues and defenses in the pending state court action. 53 F.3d at 1169. The federal court "should not entertain a declaratory judgment action over which it has jurisdiction if the same fact-dependent issues are likely to be decided in another pending proceeding." *Id.* at 1170 (*quoting Kunkel v. Continental Cas. Co.*, 866 F.2d 1269, 1276 (10th Cir. 1989)); *see also* Wright & Miller, *10B Fed. Prac. & Proc. Civ.* § 2759 (3d ed) ("courts look with disfavor on piecemeal litigation of the matters in controversy and may refuse declaratory relief on those grounds.").

6

## CONCLUSION

On appeal, this Court will not engage in a *de novo* review of all the various fact intensive and highly discretionary factors involved. The undersigned finds that the Bankruptcy Court's assessment of the relevant factors was sufficient and the decision was not an abuse of discretion. *Mhoon*, 31 F.3d at 983. For the reasons stated above, the undersigned recommends that the Bankruptcy Court's decision in dismissing the adversary action be AFFIRMED.

### Objections

The District Judge assigned to this case will conduct a de novo review of the record and determine whether to adopt or revise this Report and Recommendation or whether to recommit the matter to the undersigned. As part of his/her review of the record, the District Judge will consider the parties' written objections to this Report and Recommendation. A party wishing to file objections to this Report and Recommendation must do so by February 27, 2013. *See* 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). The failure to file written objections to this Report and Recommendation may bar the party failing to object from appealing any of the factual or legal findings in this Report and Recommendation that are accepted or adopted by the District Court. *See Moore v. U.S.*, 950 F.2d 656 (10th Cir. 1991); and *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).

It is so ORDERED this 13th day of February, 2013.

_____
Paul J. Cleary
United States Magistrate Judge

8